IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 5:08-CR-024-C |
| | § | |
| MONROE ACE SETSER | § | |

## PLEA AGREEMENT

Monroe Ace Setser, Assistant Federal Public Defender Helen M. Liggett, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Setser understands that he has the right:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Setser waives these rights and pleads guilty to the offense alleged in count one of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), that is, Possession With Intent to Distribute 50 Grams or More of Methamphetamine. Setser understands the nature and elements of

Setser Plea Agreement - Page 1

the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

    a. imprisonment for a period of not less than 10 years and not more than life. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of a person convicted of this offense and no person convicted of this offense shall be eligible for parole during the term of imprisonment imposed;

    b. a fine not to exceed $4,000,000;

    c. a term of supervised release of at least five years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law;

    d. a mandatory special assessment of $100.00;

    e. restitution to victims or to the community, which may be mandatory under the law; and

    f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines**: Setser understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Setser has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Setser will not be allowed to withdraw his plea if his sentence

is higher than expected. Setser fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Setser agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**: Upon demand, Setser shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7. **Government's agreement**: The government will not bring any additional charges against Setser based upon the conduct underlying and related to Setser's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Setser or any property.

8. **Violation of agreement**: Setser understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Setser for all offenses of which it has knowledge. In such event, Setser waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a

finding that it was involuntary, Setser also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Representation of counsel:** Setser has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Setser has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Setser has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

11. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this \_\_7\_\_ day of \_\_MAY_____, 2008.

_____  
Monroe Ace Setser  
Defendant

RICHARD B. ROPER  
UNITED STATES ATTORNEY

_____  
JEFFREY R. HAAG  
Assistant United States Attorney  
Texas State Bar No. 24027064  
1205 Texas Avenue, Suite 700  
Lubbock, Texas 79401  
Telephone:   806.472.7559  
Facsimile:   806.472.7394  
E-mail:       jeffrey.haag@usdoj.gov

_____  
Helen M. Liggett  
Attorney for Defendant

_____  
DENISE B. WILLIAMS  
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____    _5-07-08_____
Monroe Ace Setser                                Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____    _5/7/08_____
Helen M. Liggett                                 Date
Attorney for Defendant