# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2010

No. 08-10835

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MONROE ACE SETSER,

Defendant-Appellant.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 1 9 2010

CLERK, U.S. DISTRICT COURT
By
Deputy
11:30 am

Appeal from the United States District Court
for the Northern District of Texas

Before BENAVIDES, STEWART, and SOUTHWICK, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:

Defendant-Appellant Monroe Ace Setser appeals the district court's imposition of a federal sentence that runs consecutively to an undischarged state sentence. Because the imposition of a consecutive sentence is fully within the district court's authority, and because we conclude that the sentence is otherwise reasonable and not illegal, we find no error in the district court's sentencing of defendant. Accordingly, we AFFIRM.

## I.    BACKGROUND

Monroe Ace Setser pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine and aiding and abetting. At the time he committed the instant offense, Setser was still serving a five-year term of

No. 08-10835

probation in state court for a previous 2006 state offense. Additionally in 2007, Setser had been charged in state court with possession with intent to deliver a controlled substance—an offense that was directly related to the instant federal offense of conviction.

Following Setser's entry of a guilty plea, the federal district court sentenced Setser to 151 months of imprisonment. At the time of sentencing, the district court stated that the 151 months were to be served consecutively to any sentence imposed as a result of his 2006 state offense and concurrently with any sentence imposed pursuant to his 2007 state offense. Setser timely appealed his sentence, arguing that the district court's sentence was illegal since 18 U.S.C. § 3584 does not grant the district court the authority to impose a federal sentence consecutively to an undischarged state sentence.

Subsequent to the district court's imposition of the federal sentence, Setser's probation in his 2006 state case was revoked by the state court, and he was sentenced to five years of imprisonment. Additionally, Setser was convicted of possession with intent to deliver a controlled substance in the 2007 state charge, and as a result, he was sentenced to ten years of imprisonment. The state court ordered that these two state sentences would run concurrently to one another.

On April 12, 2010, the United States moved pursuant to Fed. R. App. P. 10(e)(2)(C) & (e)(3) to supplement the record with documents showing that the Texas prison system released Setser and that he is now in the custody of the federal Bureau of Prisons ("BOP"). Consequently, after serving only two-and-a-half years in the state system on both of his 2006 and 2007 state sentences, Setser is now in BOP custody. Setser's Texas parole documents show

No. 08-10835

that he was released from state custody on March 17, 2010. The BOP's "Public Information Inmate Data" sheet indicates that Setser's federal sentence began to run on March 17, 2010. The BOP did not award Setser any credit for the two-and-a-half years he spent in state custody.

## II.    STANDARD OF REVIEW

"A sentence is ultimately reviewed for 'unreasonableness.'" *United States v. Candia,* 454 F.3d 468, 472 (5th Cir. 2006) (quoting *United States v. Smith,* 440 F.3d 704, 705 (5th Cir. 2006)). "Under *Booker,* it is the sentence itself, including its consecutive nature, that is ultimately reviewed for reasonableness." *Id.* at 472-73 (quoting *United States v. Booker,* 543 U.S. 220, 261 (2005)). Here, where the Defendant-Appellant is only challenging the imposition of a consecutive sentence, and not the district court's application or calculation of the Guidelines themselves, "the appellate court should . . . consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States,* 552 U.S. 38, 51 (2007); *see also Candia,* 454 F.3d at 474 ("We have determined that unreasonableness is the standard of review applicable to a consecutive sentence imposed both within a properly calculated sentencing range and pursuant to the applicable guidelines for imposition of a consecutive sentence."). Accordingly, this Court reviews the reasonableness of the district court's imposition of a consecutive sentence for abuse of discretion.

## III.    ANALYSIS

On appeal, Setser contends that the district court erred by relying on 18 U.S.C. § 3584 as authority to order his sentence to run consecutively to his undischarged state sentence in his 2006 state conviction. He acknowledges that this argument is foreclosed by the Court's decision in *United States v. Brown,*

No. 08-10835

920 F.2d 1212, 1216 (5th Cir. 1991), *abrogated on other grounds by Candia*, 454 F.3d at 472-73, where this Court held that "[w]hether a sentence imposed should run consecutively or concurrently [to an undischarged state sentence] is committed to the sound discretion of the district court, subject to consideration of the factors set forth in 18 U.S.C. § 3553(a)."

Setser offers several arguments as to why this Court should now revisit its decision in *Brown*. First, Setser notes that the circuits are split on this issue,\* and he contends that *Brown* does not comport with the text of 18 U.S.C. § 3584 or its legislative history. Finally, Setser contends that the sentencing factors in

---

\* The Eleventh, Eighth, Tenth, and Fifth Circuits have held that § 3584 authorizes district courts to order a federal sentence to run consecutively to an undischarged state sentence. *See United States v. Ballard*, 6 F.3d 1502, 1507 (11th Cir. 1993) ("[A] district court [has] the authority to impose a federal sentence consecutive to an unrelated, unimposed state sentence on pending charges."); *United States v. Mayotte*, 249 F.3d 797, 799 (8th Cir. 2001) ("[T]he authority to impose such a federal sentence to be served consecutively to a yet-to-be-imposed state sentence falls within the broad discretion granted to the court."); *United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995) (holding that "no language in section 3584(a) prohibit[s] a district court from ordering that a federal sentence be served consecutively to a state sentence that has not yet been imposed."); *United States v. Brown*, 920 F.2d 39 1212, 1216 (5th Cir. 1991) (holding that "whether a sentence imposed should run consecutively or concurrently is committed to the sound discretion of the district court, subject to consideration of the factors set forth in 18 U.S.C. § 3553(a)."). In contrast, the Second, Fourth, Seventh, Sixth, and Ninth Circuits have held that a federal district court does not have such discretion or authority. *Cf. United States v. Donoso*, 521 F.3d 144, 147 (2d Cir. 2008) (determining "that under 18 U.S.C. § 3584(a), the district court was not authorized to direct that the federal sentence run consecutively to [an undischarged] state sentence."); *United States v. Smith*, 472 F.3d 222, 225 (4th Cir. 2006) ("The plain language of this statute does not grant a district court authority to order that its sentence run consecutively to a future sentence."); *Romandine v. United States*, 206 F.3d 731, 737 (7th Cir. 2000) ("Neither § 3584(a) nor any other statute of which we are aware authorizes a federal judge to declare that his sentence must run consecutively to some sentence that may be imposed in the future."); *United States v. Quintero*, 157 F.3d 1038, 1039-40 (6th Cir. 1998) ("We hold that 18 U.S.C. § 3584(a) does not authorize district courts to order a sentence to be served consecutively to a not-yet-imposed state sentence."); *United States v. Clayton*, 927 F.2d 491, 492-93 (9th Cir. 1991) (holding "[t]hat a federal court may not direct a federal sentence to be served consecutive to a state sentence not yet imposed . . . .").

No. 08-10835

§ 3553(a) and U.S.S.G. § 5G1.3 run contrary to *Brown*, as do considerations of comity.

Even if we were to find Setser's arguments compelling, we are bound by *Brown*'s precedent as "[i]t is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Thus, there are only two ways in which *Brown*'s posture as binding precedent in this Court could change: 1) an intervening decision by the Supreme Court or 2) a superseding decision by this Court sitting en banc. The Supreme Court, to date, has issued no intervening decision. Further, this Court has recently declined the opportunity to reconsider *Brown* en banc.[**] Because *Brown* is the law of this Court, we conclude that the district court had the authority to—and therefore did not abuse its discretion by—imposing a consecutive federal sentence to a yet imposed state sentence.

Despite the district court's authority to issue a consecutive sentence, Setser argues that his consecutive sentence is unreasonable because he asserts that his federal sentence is now logically impossible to carry out—as a result of

---

[**] In *United States v. Garcia-Espinoza*, No. 08-10775, 2009 WL 1362199 at *1 (5th Cir. May 15, 2009) (unpublished), this Court rejected a defendant's challenge to his consecutive sentence, holding that his "challenge is foreclosed by our prior precedent." However, in light of the circuit split concerning a district court's discretion to order a federal sentence to run consecutively to an undischarged state sentence, Judge Owen and Judge Dennis, in their joint concurrence, recommended that the Court revisit the *Brown* holding en banc. *Id.* at *2. Yet when Garcia-Espinoza filed a motion for rehearing en banc, "[n]o member of the panel nor judge in regular active service on the court . . . requested that the court be polled" on a rehearing en banc. As a result, the Court denied the defendant-appellant's motion on April 13, 2009. Thus, given this Court's recent refusal to reconsider *Brown* en banc, any future reversal of the Court's decision in *Brown* is best left to the discretion of our Supreme Court.

No. 08-10835

the state court's decision to run his two state sentences concurrently. Setser contends that either the consecutive or the concurrent sentence must be given priority, and that it is not clear from the record what the district court fully intended. Initially, Setser asserted that once he was transferred to federal custody, the BOP would not be able to correctly calculate his sentence as a result of this inherent ambiguity. Setser therefore requested that this Court declare his consecutive sentence unreasonable and either reverse and remand for re-sentencing, or strike the consecutive sentence and order that his 151 months be served concurrently to both state sentences. Finding no error in the district court's sentence, we decline to reverse or remand for re-sentencing.

A sentence may be illegal if it is "'ambiguous with respect to the time and manner in which it is to be served, is internally self-contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the statute or is a sentence which the judgment of conviction did not authorize.'" *United States v. Dougherty*, 106 F.3d 1514, 1525 (10th Cir. 1997) (quoting *United States v. Wainwright*, 938 F.2d 1096, 1098 (10th Cir. 1991)). "Criminal sentences must 'reveal with fair certainty the intent of the court to exclude any serious misapprehensions by those who must execute them.'" *United States v. Garza*, 448 F.3d 294, 302 (5th Cir. 2006) (quoting *United States v. Daugherty*, 269 U.S. 360, 363 (1926)). In the present case, however, there is nothing plainly self-contradictory or uncertain about the sentence in and of itself. Quite to the contrary, the federal sentence alone is quite clear. Any ambiguity in the district court's sentence was not introduced until after the state court ordered Setser's two state sentences to run concurrently.

No. 08-10835

It is important to note that Setser's "contention that the sentence is 'impossible' to fulfill stems not from an inherent flaw on the face of the court's sentencing papers,  . . . but from the very practical problems that arise in carrying out overlapping state and federal sentences in a dual sovereignty." *United States v. Cibrian*, 2010 WL 1141676, \*5 (5th Cir., Mar. 14, 2010) (unpublished). That is, in *Cibrian*, this Court noted that "[t]he irreconcilability of [a defendant's] federal and state sentences is a well-documented practicality of our system of contemporaneous jurisdiction." *Id.* at 7.  As a result of this dual system of jurisdiction, in some instances—as in here—it is "the federal sentence [that may be] partially foiled, [and] in other cases, it is the state sentence that suffers the intrusion." *Id.*  A subsequently issued state court sentence, therefore, does not render an otherwise legal federal sentence illegal.

Furthermore, now that Setser is in the custody of the BOP, and the BOP has determined that Setser is not entitled to any credit for the time he spent in state custody, we are currently without the power or the authority to order the BOP to calculate Setser's sentence in any certain manner.  Notably, "the United States Supreme Court [has] held that § 3585(b) does not authorize a  . . . court to compute credit for time spent in official detention at sentencing, but [rather,] credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing." *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) (citing *United States v. Wilson*, 503 U.S. 329 (1992)).  In the event that a prisoner feels he has been improperly refused credit for time he has served in state custody, the prisoner must first "seek administrative review of the computations of [his] credit, and,  once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only *then* pursue judicial review of these

7

No. 08-10835

computations." *Id.* (citing *Wilson*, 503 U.S. at 335; 28 C.F.R. §§ 542.10-542.16 (1990)) (internal citations omitted); *see also Lundy v. Osborn*, 555 F.2d 534, 534-35 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").[***]

Thus, although his appeal began as a challenge to the ambiguity regarding how the BOP might interpret and carry out the district court's sentence, the BOP has subsequently interpreted and carried out the sentence. The BOP's interpretation of Setser's sentence, however, is not properly before this Court. At this juncture, should Setser wish to contest the BOP's denial of credit for the time he served in state custody, Setser must first pursue his administrative remedies pursuant to 28 C.F.R. §§ 542.10-542.16 (2002).

## IV.   CONCLUSION

For the aforementioned reasons, we conclude that the district court's imposition of a consecutive sentence was well within the district court's authority pursuant to 18 U.S.C. § 3584, and as a result, the district court's sentence was not illegal or unreasonable. Accordingly, we find that the district court did not abuse its discretion, and we AFFIRM. All pending motions are denied.

---

[***] This Court has previously dismissed a prisoner's appeal of the BOP's interpretation and calculation of his sentence if the prisoner has failed to exhaust his administrative remedies. That is, once a prisoner has exhausted his administrative remedies, he may "fil[e] a pro se petition for habeas relief under 28 U.S.C. § 2241, challenging the BOP's computation of his sentence . . . ." *Dominguez v. Williamson*, 251 F.3d 156, at *2 (5th Cir. 2001). However, "this court has determined that a § 2241 petitioner must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).



8